delivered to the sheriff a certificate stating that the defendant was the beneficiary of a trust of one-half of an estate in his hands under such will, and that the income derived therefrom and payable to the defendant was not more than sufficient and necessary for the support of the said defendant. The interest of the defendant as a cestui que trust was not the subject of attachment. She had no legal title or estate. Her interest was purely equitable. The title was in the trustee, and she could only enforce the trust in equity. An attachment is leviable only upon legal interests, and does not extend to equitable interests. Thurber v. Blanck, 50 N. Y. 80; Anthony v. Wood, 96 N. Y. 180. The sheriff of Kings county undertook to make a levy by serving a certified copy of the warrant, with notice, on William A. Brown, on July 10, 1902. Brown, on September 26, 1902, delivered to the sheriff a certificate stating that he was indebted to the defendant in the sum of $7,000, which was secured by a bond and mortgage on property in Kings county. It does not appear that anything farther was contained in Brown's certificate, but in October, 1902, in an examination of Brown in aid of an execution issued upon the judgment, he testified that he then had in his hands $175 interest, which became due on the bond and mortgage on September 6, 1902, or about two months after the warrant and notice were served upon him. No effectual levy was made upon the debt secured by the bond and mortgage. Under section 649 of the Code of Civil Procedure a levy under a warrant of attachment is required to be made upon personal property capable of manual delivery, including a bond, promissory note, or other instrument for the payment of money, by taking the same into the actual custody of the sheriff. A bond which is collaterally secured by a mortgage is not excluded from the operation of that section. At the time the copy of the warrant and the notice were served upon Brown, no interest apparently was due upon the mortgage, and therefore there was no accrued interest which would constitute a debt severed from the bond and mortgage. Nor could the debt secured by the bond and mortgage be levied upon as an existing obligation, irrespective of the bond and mortgage. Von Hesse v. Mackaye, 55 Hun, 365, 8 N. Y. Supp. 894. The bond and mortgage could only be levied upon by the sheriff taking them into his actual custody. Anthony v. Wood, supra.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

(77 App. Div. 467.)

UVALDE ASPHALT PAV. CO. v. DUNN.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. TRIAL—SHORT-CAUSE CALENDAR—SETTING OF CAUSES.

Under trial term rule 5, authorizing the placing of causes on the short-cause calendar where it satisfactorily appears by affidavit and the pleadings that the trial will not occupy more than two hours, and that no good reason exists why the same should not be promptly tried, an order placing an action to recover unliquidated damages for breach of contract, which may require the trial of a question of negligence, where the trial

court found there was reasonable doubt whether it could be tried in two hours, on the short-cause calendar, was erroneous.

Appeal from trial term, New York county.

Action by the Uvalde Asphalt Paving Company against Thomas J. Dunn. From an order placing the case on the short-cause calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jacob Marks, for appellant.
Granville Whittlesey, for respondent.

LAUGHLIN, J. The plaintiff obtained a contract from the city of New York, through its department of highways, for paving the roadway of Eighth street from Broadway to McDougall street, including furnishing and setting new curbing, and redressing and resetting old curbing. It sublet to the defendant that part of the work relating to new and old curbing, including the work of taking up "paving stone and doing all excavating that may be necessary for said curb setting." The action is brought for a breach of the defendant's contract to perform this work in such a manner as not to render the plaintiff liable for damages. Damages have been recovered against the plaintiff, for which it seeks to hold the defendant. The plaintiff alleges that the defendant had notice of the action brought against it, and that the same was defended at the request of the defendant. The defendant denies these allegations and disputes his liability. If the defendant should not be bound by the judgment recovered against the plaintiff, all questions relating to the negligent construction of the work and the amount of damages will have to be litigated anew. Thus, although an action on contract, it may involve the trial of a question of negligence and of unliquidated damages. The moving affidavit indicates that the issue can be tried in two hours, but this is controverted by the opposing affidavits, and it is extremely doubtful whether the issues can be thus tried. The learned justice who granted the motion says in a memorandum opinion that there is "reasonable doubt" whether the action can be tried within two hours. This court has frequently expressed its reluctance to interfere with the discretion of the trial courts in granting or denying motions of this character, but it is manifest that this case should not be placed on the short-cause calendar. The rule (rule 5 of the trial term rules) only authorizes the placing of cases on the short-cause calendar where upon the application "it satisfactorily appears by affidavit and the pleadings that the trial of the action will not occupy more than two hours and that no good reason exists why the same should not be promptly tried." Where there is reasonable doubt whether a case can be tried in two hours, it cannot be said that "it satisfactorily appears" that the trial will not occupy more than two hours. In exercising the authority conferred by this rule, consideration must be given to the congested condition of the trial term calendar, and to the rights of the party opposing the motion. Other litigants should not be delayed in the trial of their cases by fruitless attempts to try issues as short causes which cannot be tried

within the time limited by the rule. Moreover, the party opposing the motion should not unnecessarily be put to the trouble and expense of preparing for two trials, or subjected to any great risk of the cause being sent to the foot of the calendar, and the trial of the issues thus delayed for a period of two years or more. This rule contemplates that it should appear with reasonable certainty that the trial of the case will not occupy more than two hours, and not that a case shall be ordered onto the short-cause calendar where there is reasonable doubt as to whether it can be tried in that time.

The order should therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.